IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHAUNCEY ZIGLAR,

          Plaintiff,

v.                                CIVIL ACTION NO.   2:23-cv-00318

DIANN SKILES, et al.,

          Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted. [ECF No. 5]. For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED in part and DENIED in part,** and the case is **REMANDED** to the Circuit Court of Kanawha County, West Virginia.

I.   Procedural History and Background

This lawsuit seeks to recover damages stemming from the allegedly unlawful failure to recalculate the length of Plaintiff's incarceration in state correctional facilities.

In August 2015, Plaintiff Chauncey Ziglar was sentenced to a term of incarceration under state law by the Circuit Court of Mercer County, West Virginia. [ECF No. 1-1, ¶ 3]. Mr. Ziglar was to serve this term concurrently with a separate Virginia state sentence, [ECF No. 6 at 2], and he ultimately served all but four

months of his West Virginia sentence in a Virginia facility.[1] [ECF No. 5-3]. Plaintiff was discharged from his West Virginia sentence on January 27, 2017. [ECF No. 5-2]. Defendant Diann Skiles, as Director of Records for the West Virginia Division of Corrections and Rehabilitation ("WVDCR"),[2] sent notice of this discharge to the Administrator of the Southwest Regional Jail in Virginia via letter dated January 31, 2017. *Id.*

On March 8, 2021—over four years after this discharge and on a basis unknown to this Court—the West Virginia sentencing court ordered that Plaintiff receive a credit of 104 days on the discharged sentence for time previously served. [ECF No. 5-1]. The order directed the Clerk of the Circuit Court to forward a certified copy "to the proper authorities at the West Virginia Division of Corrections" and a copy to Plaintiff, his defense counsel, and the prosecuting attorney of Mercer County. *Id.* Additionally, Plaintiff personally sent a copy of the order to Defendant Skiles, accompanied by a letter dated March 22, 2021, requesting that the WVDCR "contact[] Virginia [Department of Corrections] Court and Legal services and make them aware of [the] credit" because despite the West Virginia sentencing order specifying that the West Virginia sentence was to be concurrent with any Virginia sentence, he believed that "[his] Virginia sentence didn't start til after [West Virginia] was completed and that 104 days [would] come off [the] [Virginia] sentence." [ECF No. 5-3]. He also states that "[his] contacting them ha[d] not gotten any results." *Id.* Despite allegedly

---

[1] Although neither party has provided the precise lengths of these sentences, the Virginia sentence appears to have been the longer of the two.
[2] The parties refer to the West Virginia Division of Corrections and Rehabilitation as both the "WVDOCR" and the "WVDCR." For clarity, I will use the latter designation.

sending "approximately 8 letters to Defendant Skiles asking her to recalculate his discharge date" pursuant to the court order, Defendants failed to do so. [ECF No. 1-1, ¶ 3]. Without this credit, Plaintiff remained incarcerated until the Virginia sentence terminated in August 2022. *Id.* ¶ 5.

On March 8, 2023, Plaintiff filed a three-count Complaint against the WVDCR and against Diann Skiles and John/Jane Doe(s), as Records Director(s) of the WVDCR, in the Circuit Court of Kanawha County, West Virginia. [ECF No. 1-1]. In his Complaint, Plaintiff asserts three claims against Defendants: Violations of the Deliberate Indifference in violation of the Eighth and Fourteenth Amendments to the United States Constitution (42 U.S.C. § 1983) (Count I); Breach of Ministerial Duty (Count II); and Gross Negligence/Reckless Conduct (Count III). *Id.* at 3–5.

On April 7, 2023, Defendant Skiles timely removed the case based on federal question jurisdiction. [ECF No. 1]. On April 17, 2023, Defendants filed the instant Motion to Dismiss [ECF No. 5] and Memorandum of Law in Support [ECF No. 6]. Plaintiff timely filed a response in opposition on May 1, 2023. [ECF No. 7]. Defendants filed their reply on May 8, 2023. [ECF No. 8]. The Motion to Dismiss is ripe for review.

## II.  Standard of Review

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Pleading under the Federal Rule of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). "When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Farnsworth v. Loved Ones in Home Care, LLC*, No. 2:18-CV-01334, 2019 WL 956806, at *1 (S.D. W. Va. Feb. 27, 2019) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

To survive a motion to dismiss, the plaintiff's factual allegations, taken as true, must "state a claim to relief that is plausible on its face." *Robertson v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although "the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017). Thus, "a complaint is to be construed liberally so as to do substantial justice." *Id.*

In resolving a motion to dismiss under Rule 12, the court may not consider "matters outside the pleadings." Fed. R. Civ. P. 12(d). The court generally considers only those "documents attached or incorporated into the complaint," *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448, which may include attachments to the motion to dismiss, provided that "the plaintiff[] do[es] not challenge [their] authenticity." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). "In addition, a

court may take judicial notice of matters of public record in considering a motion to dismiss." *Lewis v. Newton*, 616 Fed.App'x 106, 106 (4th Cir. 2015) (per curiam) (citing *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)).

### III. Discussion

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). I will discuss each claim in turn.

#### A. Count I—Deliberate Indifference (42 U.S.C. § 1983)[3]

Plaintiff first claims that Defendants were deliberately indifferent to his "constitutional right to be free from incarceration" by failing to recalculate his West Virginia sentence, thereby resulting in his serving "time well in excess of his rightful sentence without due process of law." [ECF No. 1-1, ¶ 10]. Although the Complaint contains a single count alleging constitutional violations, Plaintiff claims that the Defendants actions violated his constitutional rights under both the Eighth and Fourteenth Amendments.[4] *Id.* at ¶ 11.

Section § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable

---

[3] Plaintiff clarifies in his Memorandum in Opposition to Defendants' Motion to Dismiss that his federal claims "are brought pursuant to 42 USC § 1983 against the individual defendants and not the WVDOCR (sic)." [ECF No. 7, at 3 n.3]. As such, I will not discuss application of these federal claims to the WVDCR.

[4] Because it is unclear whether Plaintiff sought to plead two separate alleged violations or a single Eighth Amendment violation, as applied to the states through the Fourteenth Amendment, I will construe Plaintiff's claims as the former and address each separately.

to the party injured in an action at law . . . ." 42 U.S.C. § 1983. To prevail on a claim under § 1983, a plaintiff must show: "(1) that [he] has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States; and (2) that the conduct complained of was committed by a person acting under the color of state law." *Dowe v. Total Action Against Poverty*, 145 F.3d 653, 658 (4th Cir. 1998).

### i. Eighth Amendment

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The prohibition against cruel and unusual punishment relied upon by Plaintiff is applied to the states through the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 667 (1962). Plaintiff invokes this clause by arguing that Defendants' conduct resulted in his prolonged incarceration.

To prevail on his Eighth Amendment claim, Plaintiff must satisfy both an "objective" and a "subjective" requirement. *Anderson v. Kingsley*, 877 F.3d 539, 545 (4th Cir. 2017). First, Plaintiff must establish that the alleged deprivation is "sufficiently serious." *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019), *amended* (May 6, 2019) (citing *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016)). Next, Plaintiff must demonstrate that Defendant Skiles acted with "deliberate indifference." *Scinto*, 841 F.3d at 225.

I turn first to whether Plaintiff has adequately alleged a deprivation "sufficiently serious" to support a claim under the Eighth Amendment's Cruel and Unusual Punishment Clause. As articulated by the Supreme Court, the Eighth

Amendment "bar[s] punishments 'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Campbell v. Florian*, 972 F.3d 385, 393 (4th Cir. 2020), *as amended* (Aug. 28, 2020) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976)) (internal quotations omitted). Several courts, including the Fourth Circuit, have concluded that incarceration beyond the termination of one's term falls within this prohibition. *See Golson v. Dep't of Corr.*, Nos. 90-7344/90-7345, 1990 WL 141470, at *1 (4th Cir. Oct. 2, 1990) (unpublished table opinion) ("Incarceration beyond the termination of one's sentence may state a claim under the due process clause and the eighth amendment"). "Next to bodily security, freedom of choice and movement has the highest place in the spectrum of values recognized by our Constitution." *Sample v. Diecks*, 885 F.2d 1099, 1109 (3d Cir. 1989). "For that reason, unauthorized detention of just one day past an inmate's mandatory release date qualifies as a harm of constitutional magnitude under the first prong of the Eighth Amendment analysis." *Hurd v. Fredenburgh*, 984 F.3d 1075, 1085 (2d Cir. 2021). It is clear, then, that the alleged deprivation of Plaintiff's liberty interest is "sufficiently serious" to support a claim under the Eighth Amendment.

I now turn to the second requirement: that Plaintiff establish that Defendant Skiles acted with "deliberate indifference." Deliberate indifference is "a very high standard." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). It "'entails something more than mere negligence' but does *not* require *actual purposeful intent*." *Clark v. Smith*, No. 22-6958, 2023 WL 4198038, at *3 (4th Cir. June 27, 2023) (quoting *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997)) (emphasis added). Rather, it is "a

form of *mens rea* (or 'guilty mind') equivalent to criminal-law recklessness," *Campbell*, 972 F.3d at 395, and "requires that a prison official actually know of and disregard an objectively serious . . . risk of harm." *Rish*, 131 F.3d at 1096. But "so long as the official who knew of a substantial risk . . . '*responded reasonably to the risk*,' they cannot be found liable under the Eighth Amendment, 'even if the harm ultimately was not averted.'" *Pfaller v. Amonette*, 55 F.4th 436, 445 (4th Cir. 2022) (quoting *Farmer v. Brennan*, 511 U.S. 825, 844 (1994)).

Plaintiff argues that he has established Defendant Skiles' deliberate indifference by alleging that she "fail[ed] to apply the appropriate and applicable sentencing calculations" despite being alerted to the post-discharge sentencing credit by both the sentencing court and Plaintiff. [ECF No. 1-1, ¶ 13]. In their Memorandum of Law in Support of their Motion to Dismiss, Defendants describe Plaintiff's Eighth Amendment claim, along with the relief sought and some applicable law, but they fail to make any concrete argument against the claim.[5] [ECF No. 6 at 3–4]. Nevertheless, Plaintiff has not demonstrated that Defendant Skiles acted with deliberate indifference. Defendant Skiles' letter to the Virginia correctional facility indicates that she believed that the West Virginia sentence was to be served concurrently with

---

[5] Given the plethora of typographical and other errors in Defendants' pleadings, the Court surmises the Defendant's failure to provide an argument was merely another oversight. *See, e.g.,* [ECF No. 1, ¶ 2 (referring to the WVDCR as the West Virginia *Department* of Corrections and Rehabilitation); *id.,* ¶ 5 (leaving blank the date of filing for the Petition for Removal); *id.* (referring to a Defendant Feld, who is not a party to this litigation); *id.,* ¶ 6 (referring to Plaintiff in the plural despite there being only one Plaintiff in this action)]; [ECF No. 6 at 2–3 (referring to Plaintiff's Complaint as "Plaintiff's First Amended Complaint" despite there being no amendments); *id.* at 3 n.1 (referring to Defendants in the singular—"This Defendant"); *id.* at 5 (referring to Defendants as "him" in the heading); *id.* (omitting quotation); *id.* (referring to a paragraph in Plaintiff's Complaint—¶ 42—that does not exist)]; [ECF No. 8 at 1 (seemingly arguing against itself that "it is not clear . . . that WVDCR has no *respondeat superior* liability")]; [ECF No. 11 (misspelling Defendant Skiles' name)]; [ECF No. 13 (misidentifying Defendants in the Certificate of Service)]. The lack of care and attention that defense counsel appears to have placed on proofreading its pleadings in this case merits reproach.

the longer Virginia sentence. [ECF No. 5-2]. Although Plaintiff's letter to Defendant Skiles states that the Virginia sentence began only after the West Virginia sentence was discharged, he provided her with no documentation or case information to support the assertion. [ECF No. 5-3]. Meanwhile, both the West Virginia sentencing order and Defendant Skiles' records indicated that the sentences were concurrent. [ECF No. 5-2]. She, therefore, acted reasonably in believing that the sentences were concurrent and that her inaction would not have any negative effect on Plaintiff's Virginia sentence. Plaintiff has failed to demonstrate that Defendants had "actual knowledge" of the risk that her failure to recalculate would affect the total length of Plaintiff's incarceration, or in turn, that her actions were unreasonable.

For these reasons, the court finds that this claim should be **DISMISSED with prejudice.**

### ii. Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment "contains a substantive component that bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them,'" and "[f]reedom from bodily restraint has always been at the core of the liberty protected" by it. *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). Courts have, therefore, held that there is a constitutional right "to be free from continued detention after it was or should have been known that the detainee was entitled to release." *Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009); *see also Davis v. Hall*, 375 F.3d 703, 718 (8th Cir. 2004); *Golson*, 1990 WL 141470, at *1;

*Kondrosky v. Pierce*, No. 95-6695, 1996 WL 228803, at *2 (4th Cir. Apr. 29, 1996) (unpublished). However, "[t]he right to substantive due process does not require the imposition of liability 'whenever someone cloaked with state authority causes harm.'" *West v. Prince George's Cnty.*, No. TDC-21-0863, 2022 WL 125936, at *4 (D. Md. Jan. 13, 2022) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998)). Rather, "[i]n cases involving executive action, this right protects against 'egregious, arbitrary governmental conduct' that 'shocks the conscience.'" *Id.* (quoting *Young v. City of Mount Rainier*, 238 F.3d 567, 574 (4th Cir. 2001)). The Fourth Circuit has, accordingly, held that to recover under the Due Process Clause, a plaintiff must establish that "defendants acted with something more than negligence." *Golson*, 914 F.2d at *1; *see Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995) ("The language and the purpose of the Due Process Clause . . . restrict violations thereof to official conduct that entails some measure of deliberateness.").

In this case, Plaintiff's Complaint does not demonstrate that Defendant Skiles' conduct rose above the level of negligence under the Due Process Clause. As discussed, Defendant Skiles' January 2017 letter to the Administrator of the Southwest Regional Jail in Virginia illustrates that she believed that the West Virginia state sentence was to be served concurrently with the Virginia state sentence, pursuant to the order of the West Virginia sentencing court and her own records. [ECF No. 5-2]. Accordingly, her failure to act as requested by Plaintiff does not rise to the level necessary to support Plaintiff's Fourteenth Amendment claim. Plaintiff fails to plead facts sufficient to show that Defendant Skiles' failure to

recalculate was not due to simple negligence or inadvertence or that her conduct "shocks the conscience." *Young*, 238 F.3d at 574.

For these reasons, the court finds that this claim should be **DISMISSED with prejudice.**

### B. Counts II and III— Breach of Ministerial Duty and Gross Negligence-Reckless Conduct

Having dismissed Plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) (authorizing district courts to decline to exercise supplemental jurisdiction after the court "has dismissed all claims over which it has original jurisdiction"); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (holding that a district court "enjoy[s] wide latitude in determining whether or not to retain [supplemental] jurisdiction over state claims").

In making this discretionary determination, the court considers factors such as "convenience and fairness to the parties, the existence of any underlying federal policy, comity, or considerations of judicial economy." *Ballock v. Costlow*, 430 F. Supp. 3d 146, 168 (N.D. W. Va. 2019) (quoting *Shanaghan*, 58 F.3d at 110); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . point toward declining to exercise jurisdiction over the remaining state-law claims."). It is a long-standing principle that "[n]eedless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between

the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "Our court of appeals has read *Gibbs* as recognizing 'the desirability of having state courts interpret questions of state law' and noted that absent a strong federal interest, the federal court 'should not elbow its way into this controversy to render what may be an uncertain and ephemeral interpretation of state law." *Gilmore v. Bostic*, 659 F.Supp.2d 755, 765 (S.D. W. Va. Sept. 22, 2009) (citing *Mitcheson v. Harris*, 955 F.2d 235, 238 (4th Cir. 1992) (internal quotation marks omitted)). Rather, "there exists an interest in having the most authoritative voice speak on the meaning of applicable law, and that voice belongs to the state courts when state law controls the resolution of the case." *Mitcheson*, 955 F.2d at 237.

The state interest in deciding the state law issues in this case is substantial. The central remaining dispute is whether Defendants had an affirmative duty to recalculate Plaintiff's sentence. The answer to this question depends entirely on an interpretation of state law. [ECF No. 1-1, ¶¶ 15–19; ECF No. 7, at 1 n.1 (defining "ministerial acts" under West Virginia state law as "official acts which, under the law, are so well prescribed, certain and imperative that nothing is let to the public official's discretion.") (citing *State v. Chase Sec., Inc.*, 424 S.E.2d 581, 599 (W. Va. 1992)); *id.* at 6 (providing the standards for a breach of ministerial duty under West Virginia state law)]. As such, state law controls the resolution of this case, and the voice to "speak on the meaning of [that] law . . . belongs to the state court[]." *Mitcheson*, 955 F.2d at 237.

Additionally, this case originated in state court. Plaintiff is a citizen and resident of West Virginia and chose to bring suit in the Circuit Court of Kanawha County. [ECF No. 1-1, ¶1]. Defendant Skiles works for the WVDCR, a West Virginia state agency with its principal offices located in Kanawha County. [ECF No. 1, ¶ 2–3]. Accordingly, access to the state court should not be inconvenient for the parties.

Finally, this case is in the early stages of litigation. "Generally, when a district court dismisses all federal claims in the early stages of litigation, it should decline to exercise jurisdiction over any remaining pendent state law claims . . . ." *Banks v. Gore*, 738 Fed.App'x 766, 773 (4th Cir. 2018) (citing *Gibbs*, 383 U.S. at 726). Here, discovery is ongoing, and neither party has moved for summary judgment. As such, litigation of this case in state court should pose no issues of convenience or fairness on the parties.

For these reasons, the court concludes that the balance of factors weighs strongly against the continued exercise of jurisdiction over the remaining state law claims. "With all its federal questions gone, there may be authority to keep [this case] in federal court . . . but there is no good reason to do so." *Waybright v. Frederick Cnty.*, 528 F.3d 199, 209 (4th Cir. 2008).

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [ECF No. 5] is **GRANTED in part and DENIED in part**. Plaintiff's constitutional cause of action (Count I) is **DISMISSED with prejudice**. The court **DECLINES** to exercise supplemental jurisdiction over the remaining pending state law claims for Breach of

Ministerial Duty (Count II) and Gross Negligence-Reckless Conduct (Count III). Accordingly, this case shall be **REMANDED** to the Circuit Court of Kanawha County, West Virginia for disposition of those claims.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 29, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE